UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA STAFFORD and MINOR CHILD ASHER**, | Civil Case No. 3:14-cv-00484-KI |
| Plaintiffs, | OPINION AND ORDER DISMISSING CASE |
| v. | |
| **ADAM JEREMY HEIFETZ,** | |
| Defendant. | |

Anna Stafford
2715 Jill Place
Port Hueneme, CA 93041

    Pro Se Plaintiff

KING, Judge:

    Plaintiffs Anna Stafford and minor child Asher bring a case against Adam Jeremy

Heifetz, alleging diversity jurisdiction.  A party seeking to institute a civil action must pay a

Page 1 - OPINION AND ORDER DISMISSING CASE

filing fee of $400.00, consisting of $350.00 pursuant to 28 U.S.C. § 1914 and a $50.00

administrative fee.  An action may proceed without the prepayment of a filing fee only upon a

proper application to proceed *in forma pauperis*.  28 U.S.C. § 1915.  Stafford has neither paid the

filing fee nor submitted an application to proceed *in forma pauperis*.

 Even if Stafford paid the filing fee or submitted an application to proceed *in forma*

*pauperis*, the Complaint may be dismissed.  *Pro se* complaints are construed liberally and may

only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'"  Engebretson v.

Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101

(9th Cir. 2011)).  The court should allow a *pro se* plaintiff to amend the complaint unless it would

be impossible to cure the deficiencies of the complaint by amendment.  Johnson v. Lucent Tech.

Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

 For the following reasons, I dismiss the Complaint, without leave to amend.

## BACKGROUND

Stafford alleges the following:

The Stafford family suffered from the false representation, slander, false
accusations, false witnesses, falsified documents, forgery of identity and false
claims to Jascha Heifetz, which resulted in a marriage and the given last name of a
child under false pretenses [sic].  The Stafford family must pay child support, put
a life insurance policy in the ex's name, pay son's medical until he is 21, and pay
court fees associated which top over four times the Stafford Family 2013 salary.
Mr. Adam Jeremy Heifetz used funds from his LLC Heifetz Halle Consulting
Group to slander the mother in court.  He allowed the LLC "Heifetz Halle
Consulting Group" to act as avatar "Adam Heifetz," which is Fascism:  when an
organization runs a government.  This is against US Civil Rights.

Compl. Claim I.  Stafford seeks $550 million dollars "for the false representation, false witnesses, false documents, and false marriage of the Stafford stolen identity and false representation of the minor child."  Compl. Relief.

Although not entirely apparent, Stafford brings this action against her ex-husband arising out of dissolution and custody litigation filed in Multnomah County Circuit Court.  See In re: Heifetz Adam J./Anna R., No. 120970323 (Mult. Cnty. Cir. Ct. filed Sept. 17, 2012).[1]

Since I have reviewed several previous versions of this Complaint, brought against defendant's parents and their company, and the psychologist who testified in the custody proceeding, I am familiar with the facts.  See Stafford v. Heifetz Halle Consulting Group, LLC, No. 3:13-CV-1057-KI, 2013 WL 4501048 (D. Or. Aug. 21, 2013); Stafford v. Heifetz, No. 3:13-CV-1963-KI (D. Or. Dec. 23, 2013); Stafford v. Ransford, No. 3:13-CV-1454-KI, 2014 WL 198783 (D. Or. Jan. 15, 2014).  In the first referenced proceeding, I allowed Stafford an opportunity to amend her complaint, but found even her Amended Complaint failed to state a claim against the defendant LLC.

Stafford has also filed a case against the attorney who represented her for six months in the Multnomah County case, about which I write separately.  Stafford v. Bernabei, No. 3:14-CV-00483-KI (D. Or. filed March 25, 2014).

---

[1]The Court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This includes facts in the public record since they "are readily verifiable."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**DISCUSSION**

Stafford fails to state a claim against the defendant for a number of reasons. First of all, Stafford must comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Stafford fails to allege specific facts about how the defendant's conduct injured her.

To the extent I can decipher her claim, Stafford cannot obtain any relief in this Court based on the outcome of her case in state court. "Federal courts must give state court judgments the same preclusive effect as they would be given by the courts of that state." Dodd v. Hood River Cnty., 136 F.3d 1219, 1225 (9th Cir. 1998). To the extent Stafford raised defendant's alleged false representations or slanderous statements in the Multnomah County case, issue preclusion would keep me from making a decision contrary to any made by Judge Thomas Ryan. Nelson v. Emerald Peoples' Utility Dist., 318 Or. 99, 103, 862 P.2d 1293 (1993) (describing issue preclusion doctrine). Similarly, Judge Ryan's decisions about child support and other parental obligations could not be re-litigated here.

Further, Stafford's allegation that her ex-husband lied to the court, if those statements were made in pleadings or in the course of a judicial proceeding and were relevant to the issue, are absolutely privileged. Moore v. Sater, 215 Or. 41, 335 P.2d 843 (1959); Durr v. Kelleher, 54 Or. App. 965, 636 P.2d 1015 (1981). Although she does not identify what specific statements she takes issue with, the context of the dispute suggests Stafford challenges testimony central to the subject matter of the dissolution and custody proceeding, namely her ability to parent. These statements "however harsh it may bear upon a person who claims to be injured thereby, and even though [they] may have been made maliciously" are absolutely privileged communications.

Page 4 - OPINION AND ORDER DISMISSING CASE

Moore, 215 Or. at 419-20 (quoting Grubb v. Johnson, 205 Or. 624, 631, 289 P.2d 1067 (1955)).

Additionally, there is no private right of action against someone for giving false testimony under

oath or for witness tampering.  Rosenfeld v. Corvallis Police Dep't, No. 6:08-CV-06106-AA,

2013 WL 1857108 (D. Or. May 1, 2013) (perjury and obstruction of justice are criminal

offenses); Staton v. BAC Home Loans Servicing, L.P., 6:10-CV-01306-AA, 2012 WL 1624296

(D. Or. May 5, 2012) (no civil action for perjury).

      Finally, and importantly, "the domestic relations exception . . . divests the federal courts

of power to issue divorce, alimony, and child custody decrees" when subject-matter jurisdiction

is based on diversity.  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004).  Even

when the plaintiff is not directly seeking a divorce, alimony or child custody decree, "it might be

appropriate for the federal courts to decline to hear a case involving elements of the domestic

relationship."  Id. (citation omitted).  It is apparent from Stafford's allegations that she is

intensely dissatisfied by the outcome of the underlying dissolution and child custody proceeding.

It is appropriate for this federal court to leave delicate issues involving the end of Stafford's

domestic relationship with defendant to the court having the expertise to resolve them.

      Stafford is advised that should she file any other complaints in this federal court, arising

from the circumstances already litigated in the Multnomah County Circuit Court and lacking an

arguable basis in law and fact, she could face the *sua sponte* issuance of sanctions and/or the

issuance of a vexatious litigant order.  See Fed. R. Civ. P. 11; O'Loughlin v. Doe, 920 F.2d 614,

618 (9th Cir. 1990).

Page 5 - OPINION AND ORDER DISMISSING CASE

**CONCLUSION**

Because the action fails to state a claim upon which relief may be granted, I dismiss this action.  Since I have already given Stafford the opportunity to amend her complaint in a previous case almost identical to this one, and since I have previously dismissed three other similar cases she previously filed in this court, I find any further amendments would be futile.  As a result, this Complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this _____7th_____ day of ___April___, 2014.

_____/s/ Garr M. King_____
GARR M. KING
United States District Court Judge